By the Court —Woodruff, J.
The sole ground of this appeal is, that the finding of the Referee before whom the action was tried, is against the weight of the *681 evidence. To entitle an appellant to a reversal on this ground, it is not enough that he satisfies the appellate Court that upon the testimony as it appears in the printed case, assuming that the witnesses on his- behalf are entitled to full credit, they would have come to a different conclusion from that found by the Beferee. His case must be very clear and substantially without contradiction, else the finding of the Beferee, like the verdict of a Jury, will be held conclusive.
The stringent rules governing the subject have been so often .stated that it is not necessary to repeat them here. Hardly a volume of the reports is published that does not contain a statement of these rules, as acted upon in this Court or in the Supreme or other Courts in this State. Some have gone so far as to decide that if there is any conflict of testimony upon the matters in issue, the finding of the Beferee should not be disturbed. Others, that the preponderance of the evidence in conflict with the finding, should be such as to warrant the belief that some mistake was made by the Beferee or that he was partial, prejudiced or biased, or governed by some consideration which ought not to have influenced his decision. Others state that to warrant a reversal in such case, the testimony should be such at least that a verdict of a Jury given for the prevailing party, under proper instructions from the Court, would be set aside.
We have examined the testimony as it appears before us. Taking the testimony of the plaintiff himself as entitled to full credit, and the corroborating testimony of Smith and others as reliable, the plaintiff certainly made out a case entitling him to recover. But, on the other hand, the testimony of Pearsall, the President of the defendants, (at the time of the transactions in question,) directly contradicts both the plaintiff and Smith in very material particulars. Six receipts, signed by the plaintiff himself, are in direct conflict with the claim here set up by him. Other receipts signed by him are in flat contradiction of his explicit statement under oath on the trial. *682 The lapse of time after the claim is alleged to have arisen, before suit brought,—The death of the defendants’ Treasurer, by whom the payments were made to the plaintiff,— and other circumstances of suspicion, in’the want of entire harmony between the testimony of the plaintiff and his own witnesses, might properly have some influence favorable to the defendants.
Under these circumstances, the observations made in Hall v. Morrison, (3 Bosw., 526,) apply with singular force to the case before us: “The preponderance of the testimony on either side is not such as to warrant a presumption that the finding of the Beferee is not the conviction of an upright mind, uninfluenced by any consideration that is foreign to the case, or that his findings were the result of any mistake, or of any error in the application of the rules of law to the evidence. In such a case it is settled that the report of a Beferee cannot be set aside. He has the witnesses before him. He not only hears their words, but observes their manner of testifying. He may have been conscious of reasons for doubting the accuracy of the defendant’s,” (or plaintiff’s,) “testimony, which do not and cannot appear upon the printed case. Under such circumstances his report upon the facts must conclude us; it stands as the verdict of a Jury.”
The judgment must be affirmed.